IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:08-CV-0499-N |
| W FINANCIAL GROUP, LLC, ADLEY H. ABDULWAHAB a/k/a ADLEY WAHAB, MICHAEL K. WALLENS, SR., and MICHAEL K. WALLENS, JR., | § § § § § § | |
| Defendants. | § | |

## ORDER APPOINTING RECEIVER

**CAME ON FOR CONSIDERATION** (i) the Special Master and Securities and Exchange Commission's Emergency Motion to Show Cause and for Sanctions and Other Equitable Relief (docket no. 77) (the "SM/SEC Motion"), and (ii) the Application of Plaintiff United States Securities and Exchange Commission for Order to Show Cause Why Defendants Should Not be Held in Civil Contempt for Failure to Comply With Court's Order (docket no. 83) (the "SEC Motion") (the SM/SEC Motion and SEC Motion are hereinafter collectively referred to as the "Show Cause Motions"), together with supporting documents filed by the Special Master and the SEC, as well as opposing documents filed by the Defendants; and the Court, having conducted an evidentiary hearing on the Show Cause Motions on October 17, 2008 and October 24, 2008, and, after consideration of all relevant pleadings filed on this matter, all witness and deposition testimony offered, all exhibits admitted into evidence, and arguments of

counsel, and subject to further orders of the Court with respect to the other forms of relief sought in the Show Cause Motions which remain under consideration by the Court; and it

**APPEARING** that an order appointing a receiver is both necessary and appropriate in order (i) to prevent further waste and dissipation of the assets of W Financial Group[1] to the detriment of investors; (ii) to liquidate, and preserve the proceeds of, all known and unliquidated assets of W Financial Group for the benefit of the investors;[2] (iii) to recover and preserve all known and liquidated assets of W Financial Group for the benefit of the investors;[3] and (iv) to identify and recover any additional assets of W Financial Group that may exist, including without limitation, causes of action and other property of any kind; and it further

**APPEARING** that the Show Cause Motions have merit and should be **GRANTED**.

I.

**IT IS THEREFORE ORDERED THAT**:

1. The Show Cause Motions be, and hereby are, **GRANTED**.[4]

2. This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, causes of action, claims, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of W Financial Group (the "Receivership Assets"), together with the books and records, computers, and documents of any

---

[1] W Financial Group, as used herein, shall mean W Financial Group, LLC, together with all d/b/a (s) and subsidiaries, including without limitation W Custom Builders, Texas Auto Pros, Auto Ace Enterprises, Inc., and National Power Company, Inc.

[2] The currently known remaining and unliquidated assets of W Financial Group are: (i) seven (7) undeveloped lots in Spring, Texas in the Benders Landing Estates Addition, which is a residential development, with specific addresses of 27406 Shores Ct., 27403 Shores Ct., 27410 Shores Ct., 27407 West Balsam Fir Circle, 5510 White Birch Run, 5706 White Birch Run, and 5702 White Birch Run; (ii) a multi-unit residence located at 2506 Wheeler St. in Houston, Texas; and (iii) a life settlement insurance policy through Hartford Life, policy # VL9236137.

[3] The currently known and liquidated assets of W Financial Group are (i) the $4,022,554.67 of cash in the Special Master's Account as of October 24, 2008; (ii) the $57,700.84 of cash on deposit at Wells Fargo Bank as of October 2, 2008 (as reflected on Special Master's Exhibit 3, p. 29); and (iii) the three (3) building deposits with Chaparral Management Company in the range of $5,000.00 to $9,000.00 (as reflected on Special Master's Exhibit 3, p. 29).

[4] The Court continues to consider possible additional forms of relief in response to the Show Cause Motions, and the appointment of a receiver herein should not be construed to be the sole remedy.

kind, including every writing of any kind, type, and description or other instrument or device by which, through, or upon which information has been recorded or preserved, including but not limited to memoranda, notes, letters, bank records, statements, checks, wire instructions, emails, confirmations, tape recordings, electronic and digital media of all types, audio and video recordings and photographs of W Financial Group (the "Receivership Records"). The Receiver is hereby authorized to take and have possession of the Receivership Assets and Receivership Records.

       3.     The Receiver is further authorized to inspect and make copies of, without limitation, any and all documents, wherever located, which relate in any way to (i) W Financial Group, (ii) the Receivership Assets, (iii) the Receivership Records, (iv) transfers of any assets of W Financial Group, (v) the value of such assets when transferred, (vi) the source of funds used to acquire such assets, (vii) the repayment of any notes involved in the acquisition of such assets, including the source and timing of such repayment, (viii) additional assets of W Financial Group that have heretofore not been made known to the Receiver, (ix) potential fraudulent transfers of assets of W Financial Group or the proceeds thereof, (x) potential additional claims and causes of action owned by W Financial Group, (xi) the disposition of the accounts receivable owed to National Power Company as of May 1, 2008, and (xii) any documents which would assist the Receiver in fulfilling his responsibilities under this Order (collectively, the "Additional Records"). The Receiver is hereby authorized to take and have possession of copies of all Additional Records.

       4.     Max Wayman and Associates ("Wayman") shall provide the Receiver access to, without limitation, any and all documents previously or hereinafter in the possession of Max Wayman and Associates (i) relating to W Financial Group in any way, as well as all documents

(ii) relating to Adley H. Abdulwahab, Michael K. Wallens, Sr., and Michael K. Wallens, Jr. (collectively, the "Individual Defendants") which constitute Additional Records, as defined herein.

5. Until further order of this Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records, except as required by Max Wayman and Associates to complete their obligations to the Court; wherein both the Receiver and Max Wayman and Associates shall have possession of such records. Max Wayman and Associates shall promptly and fully respond to, and provide information and documents in response to, any and all requests for information, documents, and explanations from the Receiver relating to the Max Wayman and Associates engagement, and shall keep the Receiver fully informed of its findings, the status of its efforts, and any problems it is experiencing in completing its engagement.

6. Vernon T. Jones, Jr., of Grant Thornton LLP, 333 Clay St., Suite 2700, Houston, Texas 77002, with the phone number of (832) 476- 3760, and fax number of (832) 476-3756, is hereby appointed Receiver for the Receivership Assets and the Receivership Records. Within five days hereof, the Receiver shall file with the Clerk of the Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this Order.

7. Until further order of this Court, all assets of or under the control of W Financial Group, or that are attributable to funds provided to W Financial Group by an investor or client of W Financial Group, are frozen until possessed by the Receiver. W Financial Group, its respective officers, directors, managers, trustees, members, escrow agents, employees, accountants, representatives, facilitators, agents, servants, employees, attorneys, and all other

persons and entities in active concert or participation with W Financial Group, are hereby restrained and enjoined from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing any assets and property owned by, controlled by, or in the possession of W Financial Group. This freeze shall include, but not be limited to, those funds located in any bank accounts, brokerage accounts, or any other accounts or property of W Financial Group. Except as explicitly set forth, this Order is not intended to abrogate any provision of the Agreed Interlocutory Order, including, but not limited to, the freeze on the assets of the individual defendants or the requirement that defendants provide sworn accountings.

8.    All persons and entities, including without limitation W Financial Group and its officers, directors, managers, trustees, members, escrow agents, employees, accountants, representatives, facilitators, agents, servants, employees, attorneys, customers, past, present, and future, and all other persons and entities in active concert or participation with them, past or present, or with whom W Financial Group has dealt, who receive actual notice of this Order by personal service or otherwise, and specifically including, without limitation, any customers of W Financial Group, or any bank or other financial or depository institution holding accounts for or on behalf of W Financial Group, shall promptly deliver to the Receiver all Receivership Assets, together with any and all other documents or information in their custody, control, or possession, which might lead to the discovery and recovery of Receivership Assets or fraudulently transferred assets of W Financial Group, in the possession or under the control of any one or more of them, and shall promptly surrender all Receivership Records and Additional Records, together with copies of those records which may lead to the discovery and recovery of Receivership Assets or fraudulently transferred assets of W Financial Group. No separate

subpoena shall be required. Upon presentment of this Order, all persons and entities, including without limitation financial institutions, shall provide account balance information, transaction histories, all account records, and any other Receivership Records to the Receiver or his agents, in the same manner as they would be provided were the Receiver the signatory on the account.

9.  The Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of, Receivership Assets or Receivership Records.

10. All persons and entities, including without limitation W Financial Group and its officers, directors, managers, trustees, members, escrow agents, employees, accountants, representatives, facilitators, agents, servants, employees, attorneys, customers, and all other persons and entities in active concert or participation with them, past or present, or with whom W Financial Group has dealt, who receives actual notice of this Order by personal service or otherwise, are enjoined from any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and Receivership Records, as well as Additional Records, specifically including but not limited to any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

11. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service or any post office box or other mail depository to forward delivery of any mail addressed to W Financial Group, or any company or entity under the direction or control of W Financial Group, to himself. Further, the Receiver is hereby authorized to open and inspect

all such mail to determine the location or identity of additional assets of W Financial Group, or the existence and amount of claims against W Financial Group.

12. The Receiver is hereby authorized to make from Receivership Assets such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Assets or Receivership Records. From and after the date of entry of this Order, the Receiver shall have the authority to conduct the business operations of W Financial Group and the entities it controls, including without limitation the collection of accounts receivable, the continuation or termination of any employment arrangement, leases, and/or contracts and the terms thereof, and to sell, rent, lease, or otherwise hypothecate or dispose of the Receivership Assets. The Receiver shall have the authority to contact and negotiate with any creditors of W Financial Group for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Assets serve as collateral to secured creditors, the Receiver may surrender such assets to secured creditors, and shall have the authority to make such surrender conditional upon the waiver of any deficiency of collateral. Furthermore, the Receiver is authorized to renew, cancel, terminate, or otherwise adjust any pending lease agreement to which the W Financial Group is a party.

13. The Receiver is hereby directed to file with this Court and serve upon the parties, within 45 days after entry of this Order, a preliminary report setting out the identify, location, and value of the Receivership Assets, and any liabilities pertaining thereto. Further, at the time the Receiver makes such report, he shall recommend to the Court whether, in his opinion, based on his initial investigation, claims against W Financial Group should be adjudged in the Bankruptcy Court. After providing the parties an opportunity to be heard, this Court will

determine whether to accept the Receiver's recommendation and, if appropriate, issue an order authorizing the Receiver to commence a bankruptcy proceeding.

14. The Receiver is hereby authorized to employ such employees, accountants, attorneys, consultants, experts, brokers, and appraisers as is necessary and proper for the identification, demand for, pursuit, collection, recovery, liquidation, preservation, maintenance, and operation of the Receivership Assets and Receivership Records, and to open bank accounts or other depository accounts in the name of the Receiver on behalf of the receivership estate. The retention of Grant Thornton LLP, as litigation consultants to the Receiver, and the firm of Thompson & Knight LLP, as counsel to the Receiver, is hereby approved without further order from the Court.

15. The Receiver is hereby authorized to demand, pursue, receive, and collect any and all sums of money due or owing to W Financial Group, whether the same are now due or shall hereafter become due and payable, and is authorized to incur such fees and expenses and make such disbursements as are necessary and proper for the identification, demand for, pursuit, collection, recovery, liquidation, preservation, maintenance, and operation of the Receivership Assets. The Receiver is further authorized, in his discretion, to abandon or sell assets which are less than $1,500.00 in value without obtaining further order of the Court, provided that such action is set forth in the Receiver's Final Report.

16. The Receiver is hereby authorized to institute, defend, compromise, or adjust such actions or proceedings in state or federal court now pending and hereinafter instituted, as may in his discretion be advisable or proper for the identification, collection, recovery, preservation, liquidation, protection, and maintenance of the Receivership Assets or proceeds therefrom, and to issue subpoenas, and institute, prosecute, compromise, or adjust such actions or proceedings in

state or federal court as may in his judgment be necessary or proper for the identification, collection, recovery, preservation, liquidation, protection, and maintenance of the Receivership Assets.

17.  The Receiver is hereby authorized to institute such actions or proceedings, as necessary, (i) to identify, impose a constructive trust upon, collect, recover, liquidate, protect, maintain, and obtain possession of the Receivership Assets and Receivership Records; (ii) to pursue fraudulent transfers of Receivership Assets, past, present, and future, including without limitation any fraudulent transfers relating to (x) the National Power Company transaction on May 1, 2008, whether such transfers occurred prior to, during, or after the May 1, 2008 transaction, and to recover any and all fraudulently transferred assets; (iii) to seek declaratory relief that purported transfers of Receivership Assets never occurred and to seek the return of such Receivership Assets and restoration to the *status quo ante*, and (y) any other transaction involving the Receivership Assets; (iv) to recover judgment with respect to persons or entities who received or may receive Receivership Assets or funds or proceeds traceable to investor funds (whether past, present, or future); and (v) to seek the turnover of Receivership Assets and Receivership Records. All such actions shall be filed in this Court. The Receiver is specifically authorized to pursue such actions on behalf of, and for the benefit of, the constructive trust beneficiaries, including without limitation any and all investors who may be the victims of the fraudulent conduct alleged herein by the Commission. The Receiver is hereby appointed as the representative of such investors for the purpose of making requests to any authority, foreign or domestic, for the return of the funds that such investors contributed to W Financial Group, wherever such funds may have been transferred, and for the purpose of filing actions to recover such funds wherever the Receiver may deem necessary.

18. The Receiver is hereby authorized to take any actions which could be taken by the officers, directors, managers, members, partners, trustees, or other principals of W Financial Group. The Receiver is entitled to transact any business or take any action that W Financial Group would be authorized to take. W Financial Group, and all persons and entities affiliated with W Financial Group, are hereby directed to execute any consent, authorization, resolution, or other document as may be required by any person to confirm the authority of the Receiver as granted in this paragraph. W Financial Group, together with any other person or entity who receives a copy of this Order, is further directed to cooperate fully, honestly, and promptly with the Receiver, including without limitation (i) delivering to the Receiver all Receivership Assets and Receivership Records, together with any Additional Records and related documents, records, names, and contact information for persons or entities who may be custodians or otherwise involved with or knowledgeable of the Receivership Assets or Receivership Records; (ii) obtaining or providing all bank records involving transfers of invested funds provided to or disbursed by W Financial Group or any subsequent transferee under the direct or indirect control hereof; (iii) providing full accountings of the disposition of all funds invested with W Financial Group; (iv) providing all related financial records, computers, computer files, e-mails, passwords, keys, security cards, access codes for premises, vehicles, vessels, aircraft; and (v) granting access to safes, safe deposit boxes, computers, warehouses, storage units, garages, homes, buildings, or any other facility containing, or in the judgment of the Receiver possibly containing, Receivership Assets or Receivership Records, or information relevant thereto. The Court expects that W Financial Group and the other defendants in this action will promptly, honestly, fully, and affirmatively assist the Receiver, and not merely allow control to be taken of Receivership Assets and Receivership Records.

19. Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to identify, take possession, custody, or control of, identify the location of, recover, collect, preserve, protect, liquidate, or maintain any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset that attempts to interfere with the Receiver, his attorneys, or other agents in the performance of their duties. The Receiver is further authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute or contain Receivership Assets or Receivership Records.

20. The Receiver shall keep the Commission apprised at reasonable intervals of developments concerning the operation of the receivership, and shall turn over copies of Receivership Records upon request of the Commission.

21. The Receiver shall have the right from time to time to obtain updated contact and medical information regarding the viator/insured under the life settlement policy #VL9236137 through Hartford Life (the "Policy"), including (A) pursuant to 45 C.F.R. § 164.512(e)(1)(i), all health care providers who are served with a copy of this Order and a written request by the Receiver shall be authorized and compelled to immediately release a copy to the Receiver of all records relative to the care, treatment, and health of the insured/viator under the Policy so requested by the Receiver for the purpose of evaluating and predicting health and life expectancy, and (B) the insured/viator under the Policy being required to provide the Receiver with (I) current contact information for the insured/viator, (II) Health Insurance Portability and Accountability Act of 1996 compliant medical authorizations, (III) contact information for all physicians and other medical providers who have treated the insured/viator during the previous five-year period, and (IV) any and all medical information generated during the previous five-

year period pertaining to the insured's/viators's health and/or medical condition, and the Receiver shall be entitled to seek enforcement of this paragraph as to any person, including by way of example, and not limitation, an application for a finding of contempt.

22. The Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself and other professionals retained by the Receiver, including without limitation, the firm of Grant Thornton LLP (as litigation consultants to the Receiver) and the firm of Thompson & Knight LLP (as counsel to the Receiver). The Receiver may pay, without further Court order, up to 90% of the professional fees and 100% of the expenses on a monthly basis, provided that statements are made on a monthly basis to the Commission, no objections thereto have been presented by the Commission within five (5) calendar days from receipt of the statements, and quarterly applications (to the extent they become due prior to the presentation of such statements), have been made as required. The Receiver shall file quarterly applications with the Court commencing for the period ending December 31, 2008, and each subsequent quarter thereafter, with copies of such applications served on the Commission and the defendants. Any and all costs incurred by the Receiver shall be paid from the Receivership Assets. For purposes of this provision, the effective date for the inception of services and expenses of the Receiver and professionals retained by the Receiver, shall be October 25, 2008.

23. The Court takes notice that the Receiver previously served as Special Master in this case, and together with his professionals, provided services for the period March 28, 2008 through October 24, 2008, and has filed four (4) fee applications relating to services rendered and expenses incurred through August 31, 2008 (docket nos. 28, 65, 76, and 80), which fee

applications remain pending. The Special Master will be filing a final fee application to cover the period September 1, 2008 through October 24, 2008.

24. Except for an act of gross negligence or intentional misconduct, as determined by a Final Order, the Receiver and all persons and entities engaged or employed by him (including, without limitation, any of their partners, principals, employees, or agents) shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership. This provision shall apply to claims based on conduct of the Receiver and all other persons who may be engaged or employed by the Receiver hereunder during the term of the appointment by this Court, even if such claims are filed after the termination of any such appointment.

25. The Receiver currently is aware of no conflict which would prohibit his fulfillment of his obligations under this Order. However, in the event of an unexpected conflict, the Receiver shall have the right to recuse himself from that specific portion of his engagement. Upon such event, the Receiver shall have the right to seek a special conflicts receiver to handle the conflicted matter. Randy W. Williams, an attorney for the law firm of Thompson & Knight LLP, 333 Clay St., Suite 3300, Houston, Texas 77002, is hereby designated as Special Conflicts Receiver in this case.

## II.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered, and directed to apply to this Court, with notice to the Commission and W Financial Group, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

### III.

**IT IS FURTHER ORDERED** that the remaining forms of relief sought in the Show Cause Motions remain under consideration by the Court. This Order will remain in effect until modified by further order of this Court.

**SIGNED** this 13 day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE