IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SECURITIES AND EXCHANGE COMMISSION | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| VS. | § § | NO. 3-08-CV-0499-N |
| W FINANCIAL GROUP, LLC, ET AL. | § § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER

Russell E. Mackert, an attorney who at various times has represented several defendants sued by the SEC in this securities fraud action, has filed a motion to quash a Rule 45 subpoena served on his bank, JPMorgan Chase Bank, N.A. ("the JPMorgan Chase Subpoena"). At issue are bank records relating to the transfer of funds into and out of his IOLTA account for the benefit of certain named "Account Holders," including Adley Abdulwahab, Michael K. Wallens, Sr., Michael K. Wallens, Jr., Brent Onacle, and ICI Vehicle Holdings, Inc. According to Mackert: (1) the subpoena requires the production of privileged or confidential client information; (2) the bank records are protected by the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401, *et seq.*; and (3) the subpoena is overly broad, vague, and ambiguous.[1] The parties have briefed their respective positions in a joint status report filed on March 5, 2009, and the motion is ripe for determination.

---

[1] Mackert urges the court to appoint a special master "to carefully review all the records forming the basis of the subject subpoena and make a decision as to relevance, materiality and discoverability." (Jt. Stat. Rep., Exh. 2 at 7). Because the court is able to determine these issues without reviewing any documents, the appointment of a special master is unnecessary. Nor would the court be inclined to appoint a special master in any event. *See* FED. R. CIV. P. 53(a)(1)(A) & (C) (authorizing the appointment of a special master only, *inter alia*, to perform duties consented to by the parties or to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge).

The court rejects Mackert's privilege argument. Although the Fifth Circuit has not addressed this precise issue, other courts have held that bank records relating to the transfer of funds into and out of a lawyer's trust account are not privileged communications. *See, e.g. SEC v. First Security Bank of Utah, N.A.*, 447 F.2d 166, 167 (10th Cir. 1971), *cert. denied*, 92 S.Ct. 710 (1972); *Harris v. United States*, 413 F.2d 316, 319-20 (9th Cir. 1969); *O'Donnell v. Sullivan*, 364 F.2d 43, 44 (1st Cir.), *cert. denied*, 87 S.Ct. 501 (1966). That is because the attorney-client privilege extends only "to the substance of matters communicated to an attorney in professional confidence," and "[t]he deposit and disbursement of money in a commercial checking account are not confidential communications." *First Security Bank*, 447 F.2d at 167 (citations omitted). In a strikingly similar case, a federal district court in Indiana rejected a claim that bank records relating to a lawyer's IOLTA account contained privileged or confidential client information:

> Generally, there is no legitimate expectation of privacy in the contents of checks, deposit slips or bank statements in a bank's possession. Checks are negotiable instruments used in commercial transactions, voluntarily conveyed to banks, and exposed to the banks' employees in the ordinary course. Case law establishes that [the lawyer's] bank records are not protected by the attorney-client privilege. Further, the professional rules are not violated because [the lawyer] is not revealing a confidence or secret of her clients. The summons requests that Bank One, not [the lawyer], produce the information requested. The [lawyer's] arguments ignore the basic nature of such banking transactions. They are not confidential communications among attorney and client. They are commercial transactions which disclose the identity and other identifiers of the parties to the transaction to the third party banking institution. Even if the transactions could be viewed by a large stretch of the imagination to be communicative, in no way could they be considered confidential. If the [lawyer] and [her] clients sought confidentiality regarding the monetary transactions, they blew any cover of secrecy by utilizing a commercial banking enterprise.

*Najjar v. United States*, No. 1:02-cv-1807-JDT-WTL, 2003 WL 21254772 at *2 (S.D. Ind. Apr. 11,

2003) (internal citations omitted). Mackert cites no contrary authority to support his claim of privilege. Consequently, this objection is overruled.

The court also rejects Mackert's argument that his bank records are protected by the RFPA. Under this statute, "no Government authority may have access to or obtain information contained in the financial records of any customer from a financial institution" unless certain conditions are met. *See* 12 U.S.C. § 3402. The statute defines "Government authority" to mean "any agency or department of the United States, or any officer, employee, or agent thereof[.]" *Id.* § 3401(3). Because the court-appointed receiver who subpoenaed Mackert's bank records is not an officer, employee, or agent of a government agency or department, the RFPA does not apply.

Nor is the subpoena overly broad, vague, and ambiguous. To the contrary, the subpoena requests only documents pertaining to Account Holders who have some relationship to the receivership. Three of the Account Holders--Adley Abdulwahab, Michael K. Wallens, Sr., and Michael K. Wallens, Jr.--are named defendants in this case. Abdulwahab and Brent Onacle are former business partners in A&O Life Funds, L.P., an entity that received $2 million in investor funds from W Financial Group, LLC--the subject of the receivership. (*See* Jt. Stat. Rep. App. at 217, ¶ 7 & Exh. A). ICI Vehicle Holdings, Inc. ("ICI") was an entity set up by Mackert to facilitate the purchase of two Ferrari automobiles--one for use by Abdulwahab and one for use by Onacle. (*See id.* at 34, 47, 57, 78). Bank records pertaining to funds deposited into or transferred out of Mackert's IOLTA account for the benefit of Abdulwahab, the Wallenses, Onacle, and ICI are clearly relevant and necessary to enable the receiver to trace investor proceeds and recover receivership assets.

For these reasons, Mackert's motion to quash the JPMorgan Chase Subpoena [Doc. #165] is denied. His request for an expedited hearing [Doc. #167] is denied as moot.

SO ORDERED.

DATED: March 9, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE