IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:08-CV-0499-N |
| W FINANCIAL GROUP, LLC, *et al.*, | § § | |
| Defendants. | § § | |

## NUNC PRO TUNC ORDER HOLDING
## A. ABDULWAHAB IN CIVIL CONTEMPT

The Court's Order of October 16, 2009 is vacated and this Order is substituted in its place.

This matter is before the Court on the Application of Plaintiff Securities and Exchange Commission ("Commission") holding Adley H. Abdulwahab a/k/a Adley Wahab ("A. Abdulwahab"), Sarah Abdulwahab ("S. Abdulwahab") and Stephen Komie ("Komie") in civil contempt (the "Contempt Motion") for their violations of the Court's (i) Asset Freeze Order, dated June 5, 2008 (the "Freeze Order"), and (ii) Agreed Interlocutory Order, entered July 30, 2008 (the "Interlocutory Order"). On June 16, 2009, the Court conducted an evidentiary hearing on Plaintiff's Application for Order to Show Cause Why Defendants Should Not Be Held In Civil Contempt For Failure To Comply With Court's Order. At the hearing, the Court severed Komie from the proceeding and determined to address the

Contempt Motion as it relates to Komie at a later date following final adjudication of the Contempt Motion as to A. Wahab and S. Wahab.

For the reasons discussed in a separate order, this order is hereby entered nunc pro tunc, effective as of the original October 16, 2009 Contempt Order. After consideration of the Contempt Motion as it relates to A. Abdulwahab (and the memorandum and appendix in support thereof), all opposing pleadings, and all evidence admitted into the record at the evidentiary hearing on the Contempt Motion, the Court has determined that:

1. Through his unauthorized and concealed transfers of $1,777,297.89 of funds owned by A. Abdulwahab between June 5, 2008 and July 29, 2008, A. Abdulwahab violated, and continues to violate, the following provisions of the Freeze Order:

   a. Paragraph I; and

   b. Paragraph III.

2. In addition, through his failure to provide an interim accounting and to repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint, A. Abdulwahab violated the following additional provisions of the Freeze Order:

   a. Paragraph IV; and

   b. Paragraph V.

3. In addition, through his unauthorized and concealed transfers of over $560,000 of funds, A. Abdulwahab has violated, and continue to violate, the following provisions of the Agreed Interlocutory Order:

      a.      Paragraph 2; and

      b.      Paragraph 4.

4.      A. Abdulwahab has further violated, and continues to violate, the following additional provisions of the Agreed Interlocutory Order by virtue of (i) the unauthorized and concealed transfers of assets outside the ordinary course of business and/or ordinary necessities of life; (ii) the failure to repatriate assets subject to the Agreed Interlocutory Order; and (iii) the failure to comply with the notice requirements to the Commission with respect to new accounts and extraordinary expenditures:

      a.      Paragraph 1; and

      b.      Paragraphs 5, 6, 7, 8, 9.

5.      A. Abdulwahab has failed to demonstrate an inability to comply with these provisions of the Freeze Order and the Agreed Interlocutory Order.

WHEREFORE, the Court is satisfied that the Commission has made a sufficient and proper showing in support of the relief granted herein.

NOW, THEREFORE,

## I.

IT IS HEREBY ORDERED that A. Abdulwahab is in civil contempt of the Court's Freeze Order and Agreed Interlocutory Order.

## II.

IT IS FURTHER ORDERED that a warrant be issued for the arrest of A. Abdulwahab by reason of his contempt. However, A. Abdulwahab holds the keys to his prison. He shall

remain confined until such time as his contempt is purged; i.e., until such time as he demonstrates that he is in compliance with the provisions of the Freeze Order and Agreed Interlocutory Order cited herein.

III.

IT IS FURTHER ORDERED that A. Abdulwahab shall pay a daily fine of $500.00 from the date of this Order until the Court confirms that he has complied with all provisions of the Freeze Order and Agreed Interlocutory Order. The fines shall be paid into the bank account opened by the Receiver to deposit and conserve funds for the benefit of investors.

IV.

IT IS FURTHER ORDERED that A. Abdulwahab shall pay the Commission for attorneys' fees and costs incurred in connection with bringing this contempt proceeding against Defendants. The Commission shall submit, within 30 days of the entry of this Order, an application delineating its attorney's fees and costs.

V.

IT IS FURTHER ORDERED that the receivership of W Financial Group, LLC shall be and hereby is EXPANDED IN SCOPE to include the personal assets of A. Abdulwahab and Wert Realty Holdings, Inc. (including, without limitation, the ownership of the property and improvements at 5606 White Birch Run in Spring, Texas), and LKJ Vehicle Holdings, Inc.

VI.

IT IS FURTHER ORDERED that the Receiver shall have the authority to take any and all action necessary in order to remove A. Abdulwahab and anyone acting in concert with him from the property located at 5606 White Birch Run in Spring, Texas, and to market and sell all of such property, including the land and all improvements thereon, as well as all personal property therein.

## VII.

IT IS FURTHER ORDERED that A. Abdulwahab and anyone acting in concert with him, is enjoined from removing any property from the 5606 White Birch Run property in Spring, Texas, pending further order of this Court.

## VIII.

IT IS FURTHER ORDERED that within two (2) calendar days of the entry of this Order, A. Abdulwahab shall immediately forward instructions to HSBC Bank International Limited in Jersey in the Channel Islands ("HSBC/Jersey") (and send copies of such instructions to counsel for the Receiver and the Commission) to immediately release and wire transfer all funds in any and all accounts maintained at HSBC/Jersey by A. Abdulwahab, including without limitation the approximate $735,000 currently maintained in Account Number ***-******-***, and any and all funds in Account Numbers ***-******-***, and ***-******-***, by wiring all such funds to Vernon T. Jones, Jr., the Court-appointed Receiver in this case, in care of his attorney of record, John S. Brannon, Thompson & Knight LLP, One Arts Plaza, 1722 Routh St. Suite 1500, Dallas, Texas  75201, phone (214) 969-1505, pursuant to the following wire transfer instructions:

    Wiring Instructions to Thompson & Knight LLP Iolta Trust Acct (Dallas)

        Receiving Bank: JP Morgan Chase Bank, NA
        2200 Ross Ave
        Dallas, Texas 75201
        ABA No.: ********* (for incoming Wires only)
        ABA No: ********* (for incoming ACHs only)
        SWIFT: ******** (for international)

        Beneficiary Account Name: Thompson & Knight L.L.P. IOLTA Trust Account
        Beneficiary Address: 1722 Routh St Ste 1500
        Dallas, Texas 75201-2533
        Beneficiary bank Account No.: **********
        Special Instructions for Beneficiary: Reference client name and matter number, attorney name.

## IX.

IT IS FURTHER ORDERED that HSBC/Jersey immediately release and turn over to Vernon T. Jones, Jr., the Court-appointed Receiver in this Case, c/o his attorney of record, John S. Brannon, Thompson & Knight LLP, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, Texas 75201, phone (214) 969-1505, any and all funds in any and all accounts maintained at HSBC/Jersey by A. Abdulwahab, including without limitation the approximate $735,000 currently maintained in Account Number \*\*\*-\*\*\*\*\*\*-\*\*\*, and any and all funds in Account Numbers \*\*\*-\*\*\*\*\*\*-\*\*\*, and \*\*\*-\*\*\*\*\*\*-\*\*\*, by wiring all such funds pursuant to the wire transfer instructions in the immediately preceding paragraph of this Order.

## X.

IT IS FURTHER ORDERED that A. Abdulwahab shall immediately take all action necessary to repatriate any and all assets and funds in which he owns any interest to the

United States and turn such assets and funds immediately over to Vernon T. Jones, Jr., the Receiver in this case.

XI.

IT IS FURTHER ORDERED that A. Abdulwahab shall surrender his passport to the SEC immediately.

Signed January 22, 2010.

_____
David C. Godbey
United States District Judge